DANIEL B. MATTESON *vs.* HOMER C. STRONG.

Hampden.　September 26, 1893. — October 18, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Dog Bite — Due Care and Negligence — Law and Fact.*

It is a question for the jury whether a person, who, while attempting to prevent or terminate a fight between a dog lawfully in his custody and another dog, is bitten by the latter dog, was using due care.

TORT, under the Pub. Sts. c. 102, § 93, to recover double the amount of damage sustained from the bite of a dog. At the trial in the Superior Court, before *Dewey*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*H. C. Strong*, pro se.

*S. S. Taft*, for the plaintiff.

KNOWLTON, J. The only defence relied on at the trial was the alleged negligence of the plaintiff. The questions were raised by two requests for rulings which were refused. The first was that there was no evidence that the plaintiff was in the exercise of due care. The second was as follows: "If the plaintiff was attempting to prevent a fight between the two dogs, or to terminate a fight already begun, and for this purpose put his hand on either dog, and as the result, and while his hand was on one of the dogs, was bitten by the defendant's dog, he is not entitled to recover."

The evidence tended to show that a dog which was rightfully

in the plaintiff's custody was attacked by the defendant's dog, and that the plaintiff's finger was bitten while he was attempting to prevent or terminate a fight between the dogs. On the plaintiff's testimony, the jury may have found that after the dogs had begun growling, but before they had come together, and while the defendant's dog was lying under a wagon four or five feet away, he told the dog which was in his custody to come along, and put his hand on the dog's collar and neck to fetch him along, and that the defendant's dog then sprung on the other dog, and in so doing, struck the plaintiff's finger. We cannot say, as matter of law, that the plaintiff was not in the exercise of due care in putting his hand on the collar or neck of the dog which was in his custody, in order to bring him along and prevent a fight. Under the circumstances, it may have been a very proper thing for him to do, and at the time it may not have seemed to expose him to much if any danger. In cases of this kind a great deal depends on the size, the apparent disposition, the conduct and the situation of the two dogs, and upon other circumstances which are usually proper for the consideration of a jury. There was other testimony which would have warranted the jury in finding that the plaintiff was negligent, but neither the undisputed evidence in the case, nor the hypothetical statement embodied in the defendant's second request for a ruling, was enough to justify the court in directing a verdict for the defendant.          *Exceptions overruled.*