ARTEMAS RAYMOND *vs.* CHARLES H. HODGSON & another.

Norfolk.    March 9, 1894. — March 28, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Bite of Dog — Due Care and Negligence — Law and Fact.*

Where a person interferes with his dog and another dog who are fighting, and is bitten, he must, in an action brought under the Pub. Sts. c. 102, § 93, show that he was using due care, and it is a question for the jury whether the circumstances warranted his interference.

TORT, under the Pub. Sts. c. 102, § 93, to recover double the amount of damages alleged to have been sustained from the bite of a dog.    At the trial in the Superior Court, before *Sherman,* J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*E. Greenhood,* for the plaintiff.

*R. H. O. Schulz,* for the defendants, was not called upon.

LATHROP, J.    This is an action under the Pub. Sts. c. 102, § 93.    At the trial, it appeared that the plaintiff's dog and the defendants' dog became engaged in a fight, though whether it was on the street or on the plaintiff's premises was in dispute; and it was also in controversy which dog began the fight.

The plaintiff testified that his dog was making great outcries; that he rushed up to the dogs, looked for a collar on the defendants' dog, and, seeing none, seized the defendants' dog by the tail, and pulled it away from his dog; and that, as the dogs became separated, the defendants' dog bit his hand, which had hold of the tail.

The plaintiff requested the judge to rule that he was not obliged to satisfy the jury that he exercised due care, under the undisputed circumstances of the case.    The judge refused so to rule.    The jury returned a verdict for the defendants, on the ground of want of due care on the part of the plaintiff; and the case comes before us on the plaintiff's exceptions to the refusal to rule as requested.

The plaintiff contends that the statute under which the action is brought is a penal statute; and that the rule which ordinarily

prevails in actions of tort does not apply.    But in *Le Forest* v. *Tolman*, 117 Mass. 109, this statute was declared by Chief Justice Gray to be not a penal statute, but a remedial statute.

It has long been the recognized rule in this Commonwealth, in actions under the Pub. Sts. c. 102, § 93, and the similar preceding statutes, that the plaintiff, in order to entitle him to recover, must show that he was in the exercise of due care.    Thus, in *Munn* v. *Reed*, 4 Allen, 431, it was said by Chief Justice Bigelow : " The purpose of the statute in affixing a heavy penalty in case of such injuries is to protect all persons, whatever may be their age or condition, who, through no fault of their own, are exposed to attacks from dogs."    So, in *Plumley* v. *Birge*, 124 Mass. 57, it was said by Mr. Justice Morton : " It was necessary that the plaintiff, though a boy, should prove that he was in the exercise of due care."    And in *Hathaway* v. *Tinkham*, 148 Mass. 85, 88, it was said by Mr. Justice Allen : " It is, however, essential to a plaintiff's right to recover, that he should have been in the exercise of ordinary care himself."

In *Matteson* v. *Strong*, 159 Mass. 497, a case very like the one before us, where the plaintiff was bitten while endeavoring to stop a dog fight, the question of his due care was, under the circumstances, held to be for the jury.

It is true that in each of these cases the plaintiff recovered a verdict, and the case might have been decided on the ground that the defendant was not injured by the ruling given.    In all of them, however, the issue of the plaintiff's due care was recognized as a material issue, and was discussed by the court.

We have no doubt that where the plaintiff incites or interferes with a dog, and is bitten, his due care must be shown ; and that the same is true where he interferes with two dogs that are fighting.    How far the circumstances may warrant his interference will be for the jury to say.

Whether the rule of contributory negligence should be applied in other cases need not now be decided.    The facts may show that the alleged negligence does not contribute to the injury, but is merely a condition.    See *Boulester* v. *Parsons, ante,* 182.

In the case at bar, the plaintiff voluntarily submitted himself to danger; and we have no doubt that the ruling of the court below was right.                              *Exceptions overruled.*