ISAAC SPELLMAN *vs.* CATHERINE C. DYER & another.

Norfolk.    March 10, 1904. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Negligence,* Contributory.  *Dog.*

A junk dealer, who leaving his team in the road enters the premises of another person and picking up a rope from the ground is bitten in the calf of the leg by a watch dog, can be found not to have been in the exercise of due care although he did not intend to steal the rope.

TORT under Pub. Sts. c. 102, § 93, (R. L. c. 102, § 146,) against Catherine C. Dyer, and Thomas Dyer her husband, for double the amount of damages sustained by the plaintiff from the bite of a dog of which the defendants were alleged to be the owners and keepers. Writ dated May 28, 1901.

At the trial in the Superior Court before *Sherman,* J., it appeared, that the plaintiff was a junk dealer living at Walpole who had two teams and carried on business by going around to see what was for sale, that on April 17, 1901, he was on Mylod Street in Norwood, and, leaving his horse standing in the road, went upon the defendant's premises, stopped and picked up a large rope that the defendant Thomas had used for tying loads of hay and for other purposes, and as he picked it up and had it in his hand was bitten in the calf of the leg by a watch dog, a large St. Bernard, belonging to the defendant Catherine.

The plaintiff asked the judge to make the following rulings:

"First. There is not evidence in this case that there was not such due care on the part of the plaintiff in this case as not to enable him to recover damages for the injuries received.

"Second. There is no evidence in this case which would warrant the jury in saying that the defendant was taking up said rope with any unlawful intent such as would preclude him from recovering damages for the injuries inflicted by the defendant's dog.

"Third. If the jury believe that the act of the plaintiff in picking up the rope was prompted by unlawful intent, or with the unlawful purpose of taking the rope, such act is not a contributing cause, but a mere condition, and the defendant is liable for the injuries done by her dog."

The judge refused to rule as requested. He ordered a verdict for the defendant Thomas, and submitted the case to the jury as against the defendant Catherine, leaving to the jury the questions quoted in the first paragraph of the opinion, upon which the jury found that the plaintiff was not in the exercise of due care at the time he was bitten by the dog, that the plaintiff was taking up the rope at the time he was bitten but had no intent to steal it, and that the plaintiff suffered damage from the bite to the amount of $150. The jury returned a general verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Feely*, for the plaintiff.

*J. A. Halloran*, for the defendants.

MORTON, J.  This is an action to recover of the defendants, who are husband and wife, damages for the bite of a dog which belonged to the wife.  The judge directed a verdict for the husband, to which no exception was taken and left the case to the jury as against the wife.  We shall speak of the wife as the defendant.  The jury returned a verdict for the defendant, and the case is here on exceptions by the plaintiff to the refusal of the judge to give certain instructions that were requested, and to those that were given.  When he was bitten the plaintiff was upon the premises occupied by the defendant and her husband, a short distance from the driveway that led from the street to the barn, and there was testimony tending to show that he was in the act of taking up a rope, which lay upon the grass, when the dog bit him.  In addition to the general verdict found by them for the defendant, the jury answered three questions that were submitted to them by the judge as follows: "1. Was the plaintiff in the exercise of due care at the time he was bitten by the dog?  Answer: No.  2. Was the plaintiff taking the rope and did he have the intent to steal it at the time he was bitten ?  Answer: 1. He was taking up the rope.  2. No intent to steal it."  The remaining question related to the amount of damages.

The burden of proof was on the plaintiff to show that at the time when he was bitten he was in the exercise of due care (*Raymond* v. *Hodgson*, 161 Mass. 184), and whether he was or not was a question of fact for the jury.  The first instruction requested, which was, in substance, that the evidence would not warrant a finding that he was not in the exercise of due care, was rightly refused.  There was a sign on the barn "Beware of the dog", and the jury could well find, as they did, that taking all of the circumstances into account the plaintiff's conduct was not that of a prudent man.  It could not be ruled as matter of law that there was no evidence that he was not in the exercise of due care.  The defendant had a right to keep a watch dog to protect herself and the premises occupied by her husband and herself and the property therein from thieves, tramps and burglars.  If there was an implied license to the plaintiff to enter on the premises in the usual course of his vocation, it was con-

fined to such paths and means of entrance and exit as were provided for that purpose. It gave him no right to meddle with property, or to enter buildings, or to stray at large over the premises. He was technically at least a trespasser, as the judge told the jury, when he was taking up the rope, and it was for the jury to take that fact and all the other facts as found by them into account in passing upon the question of his due care. It did not follow that he was necessarily in the exercise of due care because he had no intention of stealing the rope when he took it up. If there was a dog there he was bound to know that if he meddled with property without the leave of the defendant or her husband or their servants that the dog might bite him and to govern himself accordingly. There is nothing to show that the dog was dangerous, and the doctrine laid down in *Marble* v. *Ross*, 124 Mass. 44, in regard to dangerous animals is not applicable. The second and third requests were rightly refused and also were rendered immaterial by the finding of the jury in answer to the second question that the plaintiff in taking up the rope had no intention to steal it. Taking the instructions as a whole we see no error and think that the jury could not have been misled by anything that was said. In concluding his charge the judge told the jury in substance that if the plaintiff " did not take the rope with the intent to steal it, and he did not do anything but what the ordinary junk dealer would properly do " they might find that he was in the exercise of due care, but if he was not acting as an ordinary junk dealer and went about the houses and into the barn to see what he could find and that he took the rope intending to steal it, as claimed by the defendant, then they might find that he was not in the exercise of due care. This was sufficiently favorable to the plaintiff.

*Exceptions overruled.*