(119 App. Div. 603)

ERVIN v. WOODRUFF.

(Supreme Court, Appellate Division, Fourth Department. May 1, 1907.)

ANIMALS—PERSONAL INJURIES—WILD ANIMALS—KNOWLEDGE OF VICIOUS PRO-
PENSITIES—CONTRIBUTORY NEGLIGENCE.

In an action for damages for personal injuries inflicted by a captive bear, where it is shown that the bear was known by both parties to be a ferocious animal that had on various prior occasions attacked and injured other persons, and that the plaintiff knowingly, voluntarily, and unnecessarily went within reach of the bear, which was chained up, knowing that he was likely to be attacked and injured, there can be no recovery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, § 239.]

Robson, J., dissenting.

Appeal from Trial Term, Herkimer County.

Action by William Ervin against Timothy L. Woodruff. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

P. H. Fitzgerald, for appellant.
White, Cheney & Shinaman, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The action was brought to recover damages caused by injuries inflicted by a bear kept by the defendant at his camp in the Adirondacks. The facts are very simple, and are briefly stated, so far as they are important here. The bear was a ferocious animal, dangerous to mankind, and was known to both the plaintiff and the defendant to be so. It had, to the knowledge of both plaintiff and defendant, on various occasions prior to the one in question, attacked, bitten, and injured other persons while defendant kept it. It was safely chained up, and the length of the chain was known to the plaintiff, as well as the defendant. The plaintiff knew and understood, if he went within reach of the bear as so chained, he was likely to be attacked and injured. On the occasion in question he did go within reach of the bear, and put himself in a position to be attacked, and did this knowingly, voluntarily, and unnecessarily, and as a result, was attacked and injured. Plaintiff was asked by the defendant's guests to cause the bear to stand up so pictures could be taken of him; but he could do this safely without getting within reach of the bear so as to be injured. He knew the chain sometimes got wound up, so that the bear would be temporarily more closely confined than when the chain was free and at full length, and he knew it was not safe to get within the limits which the full length of the chain permitted the bear to go.

The question of law is whether, in view of the conceded facts, there could be a recovery in this action. The rules of law applicable to the case were laid down in Muller v. McKesson, 73 N. Y. 196, 29 Am. Rep. 123, and Lynch v. McNally, 73 N. Y. 347. In the former case it was said:

"It may be that in a certain sense an action against the owner for an injury by a vicious dog or other animal is based upon negligence; but such negligence consists, not in the manner of keeping or confining the animal or the care exercised in respect to confining him, but in the fact that he is ferocious, and that the owner knows it. * * * The negligence consists in keeping such an animal. * * * There are expressions in some of the cases indicating that the liability of the owner is not affected by the negligence of the person injured. * * * I do not think that it can be claimed from authority, and certainly not from principle, that no act of the person injured would preclude him from recovering, however negligent or willful. * * * If a person, with full knowledge of the evil propensities of an animal, wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover. In such a case it cannot be said in a legal sense that the keeping of the animal, which is the gravamen of the offense, produced the injury. * * * But, as the owner is held to a rigorous rule of liability on account of the danger to human life and limb by harboring and keeping such animals, it·follows that he ought not to be relieved from it by slight negligence or want of ordinary care. To enable an owner of such an animal to interpose this defense, acts should be proved, with notice of the character of the animal, which would establish that the person injured voluntarily brought the calamity upon himself. * * * As negligence, in the ordinary sense, is not the ground of liability, so contributory negligence, in its ordinary meaning, is not a defense. These terms are not used in a strictly legal sense in this class of actions, but for convenience. There is considerable reason in favor of the doctrine of absolute liability for injuries produced by a savage dog, whose propensities are known to the owner, on the ground of its being in the interest of humanity, and out of regard to the sanctity of human life; but as these animals have different degrees of ferocity, and the rule must be a general one, I think, in view of all the authorities, that the rule of liability before indicated is a reasonable one, and that the owner cannot be relieved from it by any act of the person injured, unless it be one from which it can be affirmed that he caused the injury himself, with a full knowledge of its probable consequences."

In the latter case cited these same principles of law were repeated. These cases were decided 30 years ago, and have never been questioned since. They have been frequently cited and followed by the courts of this state since that time. They state correctly the law now. They are applicable to this case, and upon the conceded facts appearing upon the trial they precluded a recovery by the plaintiff for the injuries sustained by him. He knew the vicious disposition of the bear. He knew it had frequently attacked persons before who came within its reach. He knew the length of the chain by which it was confined, and though it was sometimes wound up by the bear itself, so as to confine him within a more limited circle, yet it was liable to be, and generally was, unwound so as to permit it the full length of the chain. Knowing all these things, the plaintiff voluntarily and unnecessarily put himself within reach of the bear and was injured. He brought the calamity upon himself, and could not recover damages therefor.

Judgment affirmed, with costs. All concur, except ROBSON, J., who dissents.