· WILLIAM J. RYAN *vs.* CHARLES L. MARREN & another.

Middlesex.    January 12, 1914. — February 26, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Assault and Battery.   Dog.*

If, while a barkeeper is in charge of a barroom of his employer, a person enters from the street and addresses him in abusive and insulting language, the barkeeper is justified in removing the intruder, using such force as is reasonably necessary under the circumstances.

When a barkeeper is engaged in justifiably removing an abusive intruder from the premises of his employer and the intruder is holding the barkeeper's hands, it cannot be said as matter of law that the barkeeper, in calling to his assistance a dog that bites the intruder, is using force that is unreasonable or excessive under the circumstances.

In an action under R. L. c. 102, § 146, for injuries from being bitten by a dog owned or kept by the defendant, if the plaintiff proves that the defendant was the keeper of the dog, it does not matter whether or not he also was its owner.

It is a well settled rule that the plaintiff in an action under R. L. c. 102, § 146, for injuries caused by a dog is not entitled to recover if his own negligence or misconduct contributed to his injury.

TORT for assault and battery alleged to have been committed by a barkeeper of the defendants, with a fourth count under R. L. c. 102, § 146, for being attacked and bitten by a dog alleged to have been owned or kept by the defendants. Writ dated May 13, 1912.

In the Superior Court the case was tried before *McLaughlin,* J. The evidence is described in the opinion. The case was tried on the first and fourth counts. The jury returned a verdict for the defendants; and the plaintiff alleged exceptions to certain portions of the judge's charge, which are described in the opinion.

*W. H. Bent,* for the plaintiff.

*E. I. Taylor,* for the defendants.

CROSBY, J. This is an action of tort. The case was tried upon the first and fourth counts.

The first count was for an assault and battery committed by the defendants and their servants and agents, on May 3, 1912; the fourth was for being bitten on the same day by a dog owned and kept by the defendants. R. L. c. 102, § 146. It was agreed that the first count should include any damages sustained by the plaintiff if the jury found that the dog was set upon him by the defendants or their servants or agents.

The defendants were in the liquor business and carried on two adjoining stores, one being referred to as the wholesale store and the other as the retail store. There was evidence tending to show that on the day of the alleged assault the plaintiff entered the wholesale store for the purpose of buying a pint of beer; that before making any purchase he passed out of the store to the sidewalk and into the retail store to go to the water closet; that there was at that time in the retail store a dog, but whether the defendants were the owners or keepers of the dog was in dispute. There was also evidence to show that the defendants' barkeeper, Shoughroe by name, was behind the bar serving customers, and that the plaintiff laughed at him; that Shoughroe called the

plaintiff a vile name and that he (the plaintiff) replied by calling Shoughroe a vulgar name, whereupon the latter ordered the plaintiff to leave the store; that the plaintiff went out and came back and started to go behind the bar and again was ordered to leave and refused to go; that Shoughroe took hold of him for the purpose of ejecting him, and a struggle ensued; and that during this struggle the plaintiff was bitten by the dog. The plaintiff at this time held Shoughroe's hands; and he testified that he was endeavoring to get away and leave the store, and that Shoughroe called the dog and set him on the plaintiff.

The defendants denied that their barkeeper called the dog or set him on the plaintiff, and offered evidence to show that the plaintiff was using obscene and profane language to the barkeeper and refused to leave; that when Shoughroe attempted to eject the plaintiff the latter held Shoughroe's arms and backed him up against the wall, away from the door leading to the street; and that the plaintiff stepped on the dog's foot.

Whether the defendants' servant called the dog and set him on the plaintiff was plainly a question of fact for the jury. If the dog was set upon the plaintiff by the defendants' servant, whether that act was justifiable was also for the jury under appropriate instructions.

It does not seem to be disputed by the plaintiff that he used abusive and insulting language while upon the defendants' premises; and if this was true, the defendants' barkeeper, being at that time in charge of the store, was justified in ordering the plaintiff to leave, and if he refused to go, in using such force as was reasonably necessary under the circumstances to remove him from the premises.

The plaintiff excepted to four paragraphs of the judge's charge. In the first and fourth paragraphs the court instructed the jury in substance that if they found that Shoughroe incited the dog to attack the plaintiff they were to consider whether it was the application of excessive and unreasonable force in attempting to remove the plaintiff from the store; and that, if setting the dog on the plaintiff was unnecessary or unreasonable under the circumstances, the defendants were liable under the first count, and it would be immaterial whether the defendants owned or kept the dog.

If the plaintiff's conduct was such that the defendants' servant was justified in ordering him to leave and he refused to go, he then was there unlawfully, and the defendants' servant had the right to remove him, using as much force as was necessary to overcome his resistance. *Mugford* v. *Richardson,* 6 Allen, 76.

The defendants' servant did not have the right to use unreasonable or excessive force, and if he did they are liable. *Commonwealth* v. *Clark,* 2 Met. 23. *Coleman* v. *New York, New Haven, & Hartford Railroad,* 106 Mass. 160. *Low* v. *Elwell,* 121 Mass. 309. *Stone* v. *Lahey,* 133 Mass. 426.

It could not be ruled that the defendants' servant was not justified in calling the dog to his assistance. That question was properly submitted to the jury. *Commonwealth* v. *Donahue,* 148 Mass. 529, 532. *Commonwealth* v. *Wright,* 158 Mass. 149, 159.

The judge, in paragraphs two and three, instructed the jury in substance that in order to recover under the fourth count the plaintiff must prove that the defendants were the keepers of the dog. There was no evidence to show that they were the owners.

The judge further (in paragraphs two and three) instructed the jury in substance that in order to recover under the fourth count the plaintiff must prove that he was in the exercise of due care at the time he was bitten by the dog; and that he could not recover if his injury was the result of his own negligence or misconduct. This instruction was in accordance with the well settled rule in this and several other jurisdictions that a plaintiff will not be entitled to recover for injuries caused by a dog if his own wrongful act contributed to his injury. *Denison* v. *Lincoln,* 131 Mass. 236. *Raymond* v. *Hodgson,* 161 Mass. 184. *Spellman* v. *Dyer,* 186 Mass. 176. *Garland* v. *Hewes,* 101 Maine, 549. *Kelley* v. *Killourey,* 81 Conn. 320.

The exceptions state that the presiding judge gave the jury full and appropriate instructions aside from the paragraphs excepted to; and as to the latter we find no error.

*Exceptions overruled.*