BLANCHE GUZZI, an Infant, etc., by JOSEPH GUZZI, Her Guardian ad Litem, Appellant, *v.* NEW YORK ZOOLOGICAL SOCIETY, Respondent.

First Department, May 28, 1920.

**Animals — injury to child by wild animal exhibited at public zoo — when no recovery as for nuisance — rights of institution chartered to exhibit wild animals for educational purposes — contributory negligence.**

Where an infant twelve years of age, of intelligence and education and having instruction in the habits of wild animals, went to the Bronx Zoo and while playing ball with her companions in the neighborhood of the bear cage, attempted to recover a ball which rolled under said cage, and in so doing crawled under a fence erected as a guard three feet distant from the cage and was injured by one of the animals while reaching under the cage, there can be no recovery on the theory that the maintenance of the bear cage constituted a nuisance, it appearing that there is no charge of negligence on the part of the defendant and that it did not maintain the zoo for private gain but is a chartered zoological society existing under the

authority of the Legislature for the purpose of exhibiting wild animals for educational and entertainment purposes.

The liability of one who exhibits wild animals for private gain differs from that of an institution maintained as a public enterprise under legislative authority for educational purposes and to entertain the public.

*It seems,* that in any event the plaintiff could not have recovered because of her contributory negligence.

APPEAL by the plaintiff, Blanche Guzzi, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 31st day of January, 1920, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 19th day of January, 1920, upon which said judgment was entered.

*Joseph R. Truesdale,* for the appellant.

*James B. Henney* of counsel [*Alfred W. Andrews,* attorney], for the respondent.

MERRELL, J.:

This action is brought to recover for personal injuries sustained by the plaintiff at the so-called Bronx Zoo, where there were on exhibition various wild animals.

The plaintiff, a bright, intelligent girl of the age of twelve years and ten months, on November 17, 1917, in company with two other girls of about her own age and some younger children, went from her home two or three blocks distant to the Bronx Park Zoological Gardens to play. Between four and five o'clock in the afternoon the plaintiff with her two companions of about the same age were engaged in playing ball on a platform near the bear cage. The plaintiff stood nearest the cage and her companions some distance away, the three girls forming a triangle. As the ball was tossed to the plaintiff it passed her, rolled across the concrete sidewalk in front of the bear cage, underneath the fence and from thence under the cage itself. The cage proper consisted of iron bars set in concrete, and the floor, according to the testimony, was elevated a foot or fourteen inches above the ground. Outside of the cage proper and three feet distant therefrom, there was erected a fence consisting of iron bars and uprights to keep

the public away from the cage. When the ball rolled underneath, the plaintiff voluntarily, without any request on the part of anybody, started to retrieve it. She first crawled through the fence, and then lying prone on the ground in front of the bear's cage with her head and hair, which was down, resting against the bars, she reached under the cage with her arm for the purpose of getting the ball. She testified that she knew at the time she climbed through the fence and went up to the bars, if the bear could reach her and she got close enough to him so that he could reach her, that he would hurt her. She further testified that she did not look to see where the bear was or to see how far apart the bars were. She testified that she understood the vicious nature of the animal, and that if the bear could reach her it would hurt her. She also testified that she took no notice of where the bear was at the time she went through the fence and reached for the ball. As her head with her hair was against the bottom part of the cage the bear reached through, caught her by the hair and severely tore her scalp, causing serious and permanent injuries, to recover for which she brought the present action. The plaintiff testified that she never before had seen anybody inside the fence, and that she had been forbidden by her parents to go near the animals. The plaintiff, at the time of the accident, was a pupil in school, doing grade 7-A and 7-B work, and had studied about animals in the science class.

The complaint does not allege that plaintiff's injuries were sustained through any neglect on the part of the defendant, or by reason of any failure in the performance of any duty on defendant's part. The plaintiff contended upon the trial, and urges upon this appeal, that the fact that the bear was *feræ naturæ* and was kept by the defendant in its zoological garden at Bronx Park, and that the plaintiff received injury from said animal, constituted plaintiff's cause of action; that defendant's liability was absolute. The theory of the plaintiff, as stated by counsel upon the argument, was that the keeping of the bear which injured plaintiff constituted a nuisance. Counsel for the plaintiff expressly disavowed any claim that defendant had been guilty of any act of negligence. No such act or failure of duty in any respect is alleged in the complaint, nor was it attempted to be proved upon the trial.

We are unable to see any legal basis for plaintiff's claim that the keeping of the bear under the circumstances constituted a nuisance. The New York Zoological Society is chartered by the Legislature, and maintains in Bronx Park for educational and entertainment purposes a display of wild animals. (See Laws of 1895, chap. 435, as amd.; Greater N. Y. Charter [Laws of 1901, chap. 466], § 626.) The animals are safely confined in cages, and suitable fences for keeping the public away from the cages have been erected. The defendant is there conducting this exhibit under legislative authority, and it cannot possibly be guilty of maintaining a nuisance under the circumstances.

Upon the trial the learned court dismissed the complaint at the conclusion of the plaintiff's case upon the ground that the plaintiff, by her evidence, had established no cause of action against the defendant. I think the ruling of the court was correct.

The plaintiff, appellant, relies upon a number of well-settled cases as authority for the right of recovery of a person injured by vicious animals or animals *feræ naturæ* harbored or kept by individuals. In none of the cases, so far as I am able to discover, were the precise facts presented that are involved in the case at bar. In all of plaintiff's cases the animals, either vicious dogs or wild animals *feræ naturæ*, were kept by the defendant as a private enterprise. In many of the cases wild animals were kept for exhibition purposes, the public being charged admission to view them, and the enterprise was conducted for profit by the defendant. In other cases, such as *Ervin* v. *Woodruff* (119 App. Div. 603), the animal was kept by the defendant as a whim or for his own personal interest. I think a situation different from that in the case at bar arises, where the animals were maintained as a public enterprise under legislative authority for educational purposes and to entertain the public.

While we do not base our affirmance of the judgment appealed from upon the ground of plaintiff's contributory negligence, the evidence shows that the plaintiff unnecessarily and voluntarily, with full knowledge of the danger to her, placed herself in position where the bear was able to reach her. The plaintiff admits that she knew that if she put

herself within reach of the bear she would be hurt. She was an intelligent child of nearly thirteen years of age, well advanced in her studies, and the fact, if it be a fact, that she inadvertently forgot the presence of the bear within the cage would absolve the defendant from liability for the injuries which she sustained as the direct result of her imprudence. The cases seem to be unanimous that no recovery can be had where the injured party unnecessarily and voluntarily puts herself in the way to be hurt, knowing the probable consequences of her act. (*Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNally*, Id. 347; *Molloy* v. *Starin*, 191 id. 21; *Ervin* v. *Woodruff*, 119 App. Div. 603.) In the case last cited, Lieutenant-Governor Woodruff maintained at his Adirondack camp a bear, which was chained upon the lawn or grounds near his cottage. The plaintiff knew and understood that if he went within reach of the bear he would be likely to be attacked. On the occasion of his injury he did go within reach of the bear unnecessarily and voluntarily, as the result of which the bear attacked him and he received the injuries for which he sought to recover. It was held that under the circumstances no recovery could be had.

But so far as a determination of this appeal is concerned, it is unnecessary for us to hold that as matter of law the plaintiff was guilty of such contributory negligence as would bar a recovery for her injuries. Plaintiff is not seeking a recovery by reason of any negligence on the part of the defendant, but solely because defendant kept a ferocious animal that injured her; that in keeping the bear defendant maintained a nuisance, and is answerable for plaintiff's injuries. We hold that plaintiff cannot maintain her action upon any such theory. The defendant had a legal right to keep the animal and, in the absence of allegation and proof of some act of negligence or failure of duty on its part, the defendant cannot be held liable to respond to plaintiff in damages.

The complaint was properly dismissed, and the judgment and order appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concur.

Judgment and order affirmed, with costs.