DANIEL J. SULLIVAN *vs*. FOREST H. WARD.

Middlesex.   November 9, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Dog. Evidence,* Presumptions and burden of proof. *Statute,* Construction.

Neither the provisions of G. L. (Ter. Ed.) c. 140, § 155, in the amended form appearing in St. 1934, c. 320, § 18, nor those of c. 231, § 85, place upon the defendant in an action for damage done by a dog the burden of establishing that the plaintiff was injured while he was teasing, tormenting or abusing the dog.

TORT.   Writ in the First District Court of Eastern Middlesex dated May 7, 1937.

On removal to the Superior Court, the action was tried before *Brogna,* J., and a verdict was returned for the plaintiff in the sum of $125.   The defendant alleged exceptions.

*W. Rowley, (C. W. Rowley* with him,) for the defendant.

*J. D. McCarthy,* for the plaintiff, submitted a brief.

FIELD, C.J.   This action of tort was brought by the plaintiff by his next friend to recover damages for injuries alleged to have been inflicted upon him on or about April 8, 1937, by a dog owned or kept by the defendant.   There was a verdict for the plaintiff.   The declaration appears to have been framed under G. L. (Ter. Ed.) c. 140, § 155, before that section was struck out by St. 1934, c. 320, § 18, effective January 1, 1935 (§ 34), and the following section substituted therefor: "If any dog shall do any damage to either the body or property of any person, the owner or keeper, or if the owner or keeper be a minor, the parent or guardian of such minor, shall be liable for such damage, unless such damage shall have been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."   The plaintiff, however, must recover, if at all, under the statute as amended.

There was evidence tending to show that on April 8, 1937, the plaintiff, à child about two and a quarter years old, was put by his mother in her back yard to play, that the mother heard the child scream, ran out and saw a dog — which could have been found to have been owned by the defendant — leaping over a fence enclosing the yard. There was evidence tending to show that the plaintiff had sustained injuries, but the evidence of the cause of the injuries was meager.

The defendant excepted to an instruction to the jury that "the burden of proof was upon the defendant to establish by a fair preponderance of evidence that the plaintiff was injured as a result of his teasing, tormenting or abusing the dog."

This instruction was erroneous and cannot be said to have been harmless. To the provision of the statute imposing liability for "damage" to the "body . . . of any person" there is an exception expressed in these words, so far as here material: "unless such damage shall have been occasioned to the body . . . of a person who, at the time such damage was sustained . . . was teasing, tormenting or abusing such dog." The long established rule relating to the burden of proof of an exception was stated in *Ansell* v. *Boston,* 254 Mass. 208, 211, as follows: "The rule as to the burden of proof, applicable both to criminal and civil cases, is that, where the duty or obligation or crime is defined by statute, if there be an exception in the enacting clause, or an exception incorporated into the general clause, descriptive of the duty or obligation or crime, then the party pleading must allege and prove that his adversary is not within the exception; but if the exception is in a subsequent, separate or distinct clause or statute, then the party relying on such exception must allege and prove it." See also *Commonwealth* v. *Hart,* 11 Cush. 130, 134–137; *Garvey* v. *Wesson,* 258 Mass. 48, 51. And it was said in *Commonwealth* v. *Hart,* 11 Cush. 130, 136, that the "word 'except' is not necessary in order to constitute an exception within the rule. The words 'unless,' 'other than,' 'not being,' 'not having,' &c. have the same legal effect, and require

the same form of pleading." This statute falls within the rule. The phrase thereof introduced by the word "unless" clearly is incorporated in the general clause defining the liability. And we must assume that the Legislature was aware of the rule stated and, in the absence of any indication of a contrary intention, intended it to apply to cases arising under this statute. See *Potter* v. *Gilmore,* 282 Mass. 49, 54. No indication of a contrary intention appears in the statute itself, its history, related statutes or elsewhere.

G. L. (Ter. Ed.) c. 231, § 85, providing that in "all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his part shall be an affirmative defence to be set up in the answer and proved by the defendant," does not show such a contrary intention nor control the burden of proof under the statute now in question. G. L. (Ter. Ed.) c. 231, § 85, relates to the general concepts of "due care" and "contributory negligence," not to specific conduct which, by an express provision of G. L. (Ter. Ed.) c. 140, § 155, in its amended form, prevents recovery, regardless of whether in the circumstances of a particular case such conduct constitutes contributory negligence or its absence constitutes due care. The Legislature in enacting St. 1934, c. 320, § 18, was not content to leave the liability of an "owner or keeper of a dog" "to a person injured by it" (see G. L. [Ter. Ed.] c. 140, § 155, prior to the amendment by St. 1934, c. 320, § 18), subject only to the limitation that the person injured or his custodian should have been in the exercise of due care according to principles of general application. See *Munn* v. *Reed,* 4 Allen, 431; *Ryan* v. *Marren,* 216 Mass. 556, 559, and cases cited. The exception to the instruction, therefore, must be sustained.

The defendant's request for an instruction that "upon the pleadings and the evidence the plaintiff is not entitled to recover" was denied rightly. Any other disposition of it would have violated Rule 71 of the Superior Court (1932). *Patton* v. *DeViney,* 259 Mass. 100, 102. The defendant's

exception to the denial of his motion for a directed verdict need not be considered. If this exception was overruled a new trial would be required by reason of the erroneous instruction to the jury. And even if the exception was sustained — unless judgment was ordered for the defendant under G. L. (Ter. Ed.) c. 231, § 122 — the same result would follow, and at the new trial the question whether the evidence warranted a verdict for the plaintiff might be materially different. We are of opinion that judgment ought not to be ordered for the defendant under G. L. (Ter. Ed.) c. 231, § 122. See *Archer* v. *Eldredge,* 204 Mass. 323, 327; *Grebenstein* v. *Stone & Webster Engineering Corp.* 205 Mass. 431, 440–441; *Muse* v. *DeVito,* 243 Mass. 384, 389–390; *Vallavanti* v. *Armour & Co.* 264 Mass. 337, 341–342; *Allen* v. *Kilpatrick,* 277 Mass. 237, 243; *Roche* v. *Gryzmish,* 277 Mass. 575, 580.

*Exceptions sustained.*