## GRUMMEL *v.* DECKER.

1. ANIMALS—DOGS—COMMON LAW—STATUTES.

In this State the owner of a dog is subject to common-law liability for damage done by the dog as the statute relative to licensing and regulating the keeping of dogs expressly requires construction thereof in such a way as not to limit the common-law liability (1 Comp. Laws 1929, § 5273).

2. SAME—DOMESTIC ANIMALS—COMMON LAW—KNOWLEDGE OF ANIMAL'S MISCHIEVOUSNESS.

At common law the owner of a domestic animal is not liable to an action on the ground of negligence for damage done by the animal without proof that he knew the animal was accustomed to do mischief.

3. NEGLIGENCE—DEFINITION.

Negligence consists in the want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances and in view of the probable danger of injury.

4. ANIMALS—NEGLIGENCE—BURDEN OF PROOF.

In actions by plaintiff wife for personal injuries received when defendant's dog bit her and by plaintiff husband for loss of

-----

As to dogs constituting domestic animals, see 3 Restatement, Torts, 518.

wife's services, neither could recover until it was shown wife had exercised due care and that defendant had not

5. NEGLIGENCE—PRIMA FACIE CASE—CONTRIBUTORY NEGLIGENCE.

In an action based on the negligence of defendant, a plaintiff does not make out a prima facie case until it is shown he was free from contributory negligence.

6. ANIMALS—DOGS—COMMON LAW—SCIENTER.

In all cases arising under the common law for injuries due to dog bite, it is necessary for the plaintiff to aver and prove *scienter*, that is, that the defendant's dog was of a dangerous character and that the defendant knew it.

7. WORDS AND PHRASES—SCIENTER.

"*Scienter*" is not a word of mystery, or magic meaning, but merely an expressive word retained from the old Latin forms of pleading, signifying, in the connection commonly used, that the alleged crime or tort was done designedly, understandingly, or with guilty knowledge.

8. NEGLIGENCE—SCIENTER.

"*Scienter*" is a term used in pleading to signify an allegation setting out the defendant's previous knowledge of a state of facts which it was his duty to guard against, and his omission to do which has led to the injury complained of.

9. ANIMALS—CONTRIBUTORY NEGLIGENCE—DOG BITE.

Under the common law, contributory negligence upon the part of the plaintiff is a defense in action to recover for injuries from dog bite as one who suffers an injury either wholly or in part due to his own fault cannot recover.

10. SAME—DOGS—PROVOCATION.

One who provokes a dog so as to make it unfriendly and receives injury because of it may not recover damages therefor from the dog's owner.

11. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One is guilty of contributory negligence when by the exercise of ordinary care and prudence he could have avoided the injury.

12. HUSBAND AND WIFE—VICIOUS DOG HARBORED BY WIFE.

A husband is not liable for damages caused by bite of a dog because of alleged negligence of wife in harboring a dog while knowing of its vicious propensities (3 Comp. Laws 1929, §§ 14014, 14015).

13. ANIMALS—DOGS—VICIOUSNESS—EVIDENCE—INSURERS.

In action for injuries from dog bite where trial court found there was insufficient testimony that the dog was of a vicious, dangerous, or ferocious nature with any general propensity or inclination toward biting mankind, judgment for plaintiffs was error, as defendants are not liable as insurers under such circumstances.

Appeal from Wayne; Spier (James E.), J., presiding. Submitted April 5, 1940. (Docket No. 56, Calendar No. 40,385.) Decided June 3, 1940.

Separate actions by Edna A. Grummel and Eugene P. Grummel against John W. Decker and wife for damages for personal injuries and medical expenses sustained because of a dog bite. Cases consolidated for trial and appeal. Judgments against defendants jointly. Defendants appeal. Reversed.

*Fernand W. Miller,* for plaintiffs.

*Leon Dreifuss,* for defendants.

POTTER, J. October 22, 1937, defendant Norma E. Decker was the owner and keeper of a dog. Defendants moved into the lower flat of a building, the upper flat of which was occupied by plaintiffs, and brought the dog with them. Subsequently plaintiff Edna A. Grummel began visiting defendants. On the day in question she visited them and stooped over to play with the dog which bit her upon the lip and chin and also bit her fingers. Two suits were instituted because of this injury, one by the plaintiff Edna A. Grummel against defendants, and one by her husband, Eugene P. Grummel, against defendants for loss of services. These cases were consolidated and plaintiff Edna A. Grummel recovered a judgment in the sum of $400, and her husband obtained a judgment

in the sum of $475. Defendants appeal, claiming the court erred in finding defendants should have taken necessary precautions to insure plaintiff from being injured, that either one or both of defendants was an insurer that plaintiff would not be injured by the dog, that plaintiff was entitled to recover regardless of whether or not she excited or aggravated the dog; in entering a judgment against defendant John W. Decker; and in entering a judgment against defendants jointly.

The trial court found:

(a) "There has not been sufficient testimony to satisfy this court that the defendants' dog was of a vicious, dangerous, or ferocious nature with any general propensity or inclination toward biting mankind, and there would, therefore, be no duty on the part of the defendants to keep such animal muzzled and confined at all times in the presence of other people; * * * "

(b) "A mere warning to the plaintiff to stay away from the animal is not in the opinion of this court sufficient fulfilment of the duties thus imposed upon the owner of the animal, since the owner of such an animal stands more in the position of an insurer against any injuries on the part of anyone permitted in the animal's presence; * * * "

(c) "Her thoughtless or perhaps unconscious action in leaning forward to pet the animal, in spite of any previous warning, was not such an act as could be said to be an aggravation or an excitement of the animal so as to bar her recovery under any of the decisions cited."

Many cases are cited which arose under Act No. 161, Laws of 1850 (2 Comp. Laws 1915, § 7270), under which it was held plaintiff had a right of action without requiring proof of knowledge on the part of the defendant of the dog's habit to do such damage or mischief. *Fye* v. *Chapin*, 121 Mich. 675; *Wojewoda* v. *Rybarczyk*, 246 Mich. 641.

Act No. 339, Pub. Acts 1919, as amended, is now in force, and Act No. 161, Laws of 1850, was expressly repealed by Act No. 309, Pub. Acts 1929. The applicable statute provides that the common-law liability of the owner of a dog remains and that nothing in the statute shall be construed as limiting such common-law liability. 1 Comp. Laws 1929, § 5273 (Stat. Ann. § 12.539).

The question is, what is the common-law liability of the owner of a dog? In *Beck* v. *Dyson,* 4 Camp. 198 (171 Eng. Rep. 64), plaintiff was seriously bitten and injured by a dog which was of a fierce and savage disposition and was generally tied up. There was no proof of his having bitten any other person. Lord Ellenborough held the evidence was insufficient and directed a nonsuit. In *Strubing* v. *Mahar,* 46 App. Div. 409 (61 N. Y. Supp. 799), the court approved the common-law rule that if damage be done by any domestic animal kept for use or convenience, the owner is not liable to an action on the ground of negligence without proof that he knew the animal was accustomed to do mischief. *Jenkins* v. *Turner,* 1 Ld. Raym. 109 (91 Eng. Rep. 969); *Rex* v. *Huggins,* 2 Ld. Raym. 1574, 1583 (92 Eng. Rep. 518); *Buxendin* v. *Sharp,* 2 Salk. 661 (91 Eng. Rep. 564); *Fowler* v. *Helck,* 278 Ky. 361 (128 S. W. [2d] 564).

The basis of plaintiffs' right to recover is negligence. Negligence consists in the want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances and in view of the probable danger or injury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich. 99. The burden of proving or establishing plaintiff Edna A. Grummel's freedom from negligence rests upon her. Neither plaintiff makes out a cause of action until it is shown that she exercised due care and that the defendant did not. The

absence of contributory negligence on the part of the plaintiff is, therefore, just as essential an element in the cause of action as the negligence of the defendants and just as clearly constitutes a necessary part of plaintiff's case; and until she has shown it, or until it in some way appears from the evidence, she does not make a prima facie case. If there was no evidence tending to establish this freedom from contributory negligence upon the part of the plaintiff, there was nothing upon which the jury could find a verdict. *Lake Shore & M. S. R. Co.* v. *Miller,* 25 Mich. 274. The trial court found:

"There has not been sufficient testimony to satisfy this court that the defendants' dog was of a vicious, dangerous, or ferocious nature with any general propensity or inclination toward biting mankind, and there would, therefore, be no duty on the part of the defendants to keep such animal muzzled and confined at all times in the presence of other people."

In all cases arising under the common law, it is necessary for the plaintiff to aver and prove *scienter*. That is, that the dog owned by the defendants was of a dangerous character and that the defendants knew it.

"*Scienter* is not a word of mystery, or magic meaning. It is merely an expressive word retained from the old Latin forms of pleading signifying in the connection commonly used that the alleged crime or tort was done designedly, understandingly, knowingly, or with guilty knowledge. If necessary affirmatively to negative the supposition of ignorant innocence under the facts alleged in this information, *scienter* is plainly apparent." *People* v. *Gould,* 237 Mich. 156.

It is a term used in pleading to signify an allegation setting out the defendant's previous knowledge of a state of facts which it was his duty to guard

against, and his omission to do which has led to the injury complained of. 56 C. J. p. 863.

Under the common law, contributory negligence upon the part of the plaintiff is a defense. One who suffers an injury either wholly or in part due to his own fault cannot recover. *Gagnon* v. *Frank,* 83 N. H. 122 (139 Atl. 373); *Brown* v. *Moyer,* 186 Iowa, 1322 (171 N. W. 297). One who is guilty of negligence which contributes to the injury suffered may not recover. *Cook* v. *Pickrel,* 20 Neb. 433 (30 N. W. 421). Where one provokes a dog unfriendly so that the injury may be attributed to such provocation on the plaintiff's part, it is a good defense to the action. *Dorman* v. *Carlson,* 106 Conn. 200 (137 Atl. 749). This doctrine of contributory negligence in cases of injury of this kind is sustained by Cooley on Torts (3d Ed.), p. 701; *Palmer* v. *Hampton,* 129 Misc. 417 (220 N. Y. Supp. 768); *Lynch* v. *McNally,* 73 N. Y. 347; *Molloy* v. *Starin,* 191 N. Y. 21 (83 N. E. 588, 16 L. R. A. [N. S.] 445, 14 Ann. Cas. 57); *Ervin* v. *Woodruff,* 119 App. Div. 603 (103 N. Y. Supp. 1051); *Guzzi* v. *New York Zoological Society,* 192 App. Div. 263 (182 N. Y. Supp. 257); *Denison* v. *Lincoln,* 131 Mass. 236; *Raymond* v. *Hodgson,* 161 Mass. 184 (36 N. E. 791); *Spellman* v. *Dyer,* 186 Mass. 176 (71 N. E. 295); *Bush* v. *Wathen,* 104 Ky. 548 (47 S. W. 599); *Cook* v. *Pickrel, supra; Schraeder* v. *Koopman,* 190 Wis. 459 (209 N. W. 714). One is guilty of contributory negligence when by the exercise of ordinary care and prudence he could have avoided the injury.

Defendants claim that in any event defendant John W. Decker is not liable. By the judicature act, chap. 12, § 6 (3 Comp. Laws 1929, § 14014 [Stat. Ann. § 27.658]), it is provided:

"Whenever a cause of action shall accrue to, or arise against any married woman, she may sue or be sued in the same manner as if she were sole."

And by the same act, chap. 12, § 7 (3 Comp. Laws 1929, § 14015 [Stat. Ann. § 27.659]), it is provided:

"No suit shall be brought against husband and wife, jointly, or against the husband alone, for any tort of the wife, unless such tort was committed under such circumstances as to render them both liable."

In *Quilty* v. *Battie,* 135 N. Y. 201 (32 N. E. 47, 17 L. R. A. 521), it was held that the owner of a dog without knowledge of its vicious propensities is not liable for damages caused by its bite although his wife on whose premises the dog is kept is found liable on the ground she harbored the dog knowing of such vicious propensities.

The court found there was no sufficient testimony that the dog in question was of a vicious, dangerous, or ferocious nature with any general propensity or inclination toward biting mankind. It found in effect that defendants stood more in the position of insurers on the part of anyone permitted in the animal's presence. Defendants, under the circumstances of this case, are liable only for negligence. The trial court found there was no sufficient testimony that the dog was vicious, dangerous, or ferocious in nature. Defendants are not liable as insurers under the circumstances.

Judgments reversed, with costs.

Bushnell, C. J., and Sharpe, Chandler, North McAllister, Wiest, and Butzel, JJ., concurred.