*Northern Division*

A. D. No. 8165

**GORMAN LAU**

v.

**WILLIAM SILVA**

Argued: Mar. 21, 1974 - Decided: June 7, 1974

*Present:* Flaschner, P.J., Bacigalupo, and Flynn, JJ.

Case tried to *Artesani, J.* in the Municipal Court of Brighton. No. 164 of 1973.

**Flynn, J.** This is an action of tort to recover for personal injuries resulting from being bitten by a dog on defendant's premises.

The answer, so far as is material here, is general denial; assumption of the risk; and that the plaintiff was a trespasser.

The court found for the plaintiff in the amount of $1,500.00.

**At the trial there was evidence tending to show that** on January 21, 1973 the defendant was the operator of a 24-hour gasoline station located at 601 Commonwealth Ave., Boston, Massachusetts. Seven of the defendant's attendants had been physically beaten during holdups that had taken place over a period of 18 months prior to the evening of January 21, 1973.

The defendant, in an effort to provide protection for his employees, erected signs at the gasoline pumps, located so that they would face the operator of a motor vehicle pulling up to the pumps. The signs were in place on January 21, 1973 at the time of the plaintiff's injury and read

> "Due to several armed robberies, we are forced to go to exact change after 10:00 P.M."

As added protection to his employees, the defendant leashed two dogs to a vending machine within the gas station office in such a manner that the dogs were not able to get closer than two or three feet from the front entrance door of the office. The front entrance door, an aluminum frame glass door, held a sign that covered the entire length and width of the glass door. The sign faced out from the office toward the gasoline pump area, and any-

one approaching the office from the outside. This sign read

"Warning, we have had four armed robberies and one shooting. Do Not Enter. Credit Card or exact change only after 10:00 P.M. Attack Dog. If necessary, change can be given in the form of a Credit Slip."

This sign was also in place on January 21, 1973, at the time of the plaintiff's injury. There were no other signs on the front of the gas station.

On the evening of January 21, 1973, approximately 11:30 P.M. the plaintiff was operating his motor vehicle in an easterly direction on Commonwealth Avenue when he noticed that his fuel gauge indicated he was almost out of gasoline. He pulled into the defendant's station and stopped at a gasoline pump in front of the station.

The service area outside the station was brightly illuminated as was the interior of the station. The plaintiff noticed someone walking around inside the gas station and when no one came out to the pumps, he alighted from his automobile and walked toward the station. When he reached the office door he pushed it open and saw two dogs inside. Mr. Frustaglia, an employee of the defendant, looked up from his duties or removing oil cans from a carton, just in time to see the plaintiff enter the office, and one of the dogs

bite him on the right leg. Mr. Frustaglia followed the plaintiff as he backed out of the office and advised him to go to the Mass. General Hospital where the injured area was cleansed and treated. He was given an injection and returned to his dormitory. The wound did not require sutures. While attending classes the plaintiff received treatment over approximately a two week period, from the Northeastern university Infirmary.

At the close of evidence, and before argument, the defendant made the following requests for rulings:

1. The burden is upon the plaintiff to prove that he was not committing a trespass at the time of his injury. *Malchanoff* v. *Truehart*, 354 Mass. 118.

2. The evidence does not warrant a finding that the plaintiff was not committing a trespass at the time of his injury.

3. Voluntary assumption of risk by the plaintiff is a complete defense to an action brought under the provisions of 140 General Laws 155. *Zink* v. *Foss*, 221 Mass. 73. *Ryan* v. *Marren*, 216 Mass. 556.

4. The evidence requires a finding that the plaintiff voluntarily assumed the risk of his injury.

5. The evidence does not warrant a finding for the plaintiff.

The Court made the following disposition on these requests:

1. Granted
2. Denied
3. Granted — but immaterial in view of the Court's finding
4. Denied
5. Denied.

The court found the following facts:

"This is a dog bite case. There was evidence that the plaintiff was at the defendant's place of business to purchase gas; that all the lights were lit in the station and that a person was walking around inside the building; that the plaintiff waited and no one came; that the plaintiff got out of his car and walked to the office; that two dogs were in the office and he opened the door about a foot and one of the dogs attacked him; that the plaintiff was bitten by the dog on his thigh; that the plaintiff went to the hospital and had three cuts treated and received shots; that the plaintiff went later to Northeastern University Infirmary over a period of two weeks; that the plaintiff had pain and discomfort for a further period of time and that his leg was scarred; and he saw no signs as to not entering office.

"There was further evidence by the defendant that he operated the station; that it was open for business at the time of the incident; that he had been victimized by holdups and had two signs, one on the pumps, that required

exact change after 10:00 P.M., and another one on the window of the office which said, "Do not enter, attack dogs, etc.;" that two attack dogs were in the office but were leashed so that they could not reach a person until the person was two or three feet into the office.

"The court finds that the plaintiff was a business invitee on the premises; that he was not a trespasser; that he saw no warning signs; that he had barely opened the door and was not in the office when bitten; that the plaintiff was bitten and was in pain for some period of time and underwent medical treatment."

The defendant claimed to be aggrieved by the action on his requests for rulings, Nos. 2, 4, and 5, and by the court's findings.

Recovery here is sought under G.L. c. 140, § 155, which imposes a standard of strict liability upon the owner or keeper of a dog, for damage done by the dog to the person or property of another. This standard is to be enforced unless the plaintiff was committing a trespass, or was teasing, tormenting, or abusing the dog at the time of his injury. Neither the question of ownership of the dog, nor that of whether the plaintiff was teasing, tormenting or abusing the dog are the issues here. The issues are whether or not the evidence required a finding that the plaintiff was committing a trespass, and whether or not a finding of assumption of risk for his injury on the plaintiff's part was required. An af-

firmative answer to either question will bar the plaintiff from recovery.

The burden of proof to show that he was not a trespasser rests upon the plaintiff in this type of case. *Sullivan* v. *Ward,* 304 Mass. 614. *Curran* v. *Burkhardt,* 310 Mass. 466. However, the trial justice by his disposition of defendants request for ruling No. 2, and by his specific finding that the plaintiff was not a trespasser, has ruled that the plaintiff has sustained this burden. It is clear to us from the evidence reported and from that set forth in his findings, that the trial justice's ruling, that the plaintiff was not a trespasser was warranted. On the evidence he could have found that the plaintiff was or was not a trespasser, and he has found the latter.

Also, by his disposition of defendants request for ruling No. 4 together with his findings, the trial justice has in effect found that there was no assumption of risk of personal injury upon the plaintiff's part, even though he made no specific finding as such.

In the draft report model contained in Rule 28 of the Rules of the District Courts (1965) there appears a section for a summary of so much of the evidence as may be necessary to present the questions of law reported. Later in the model there appears another section for the court's findings of fact. The trial justice in the case at bar has included evidence with his findings, which properly should have

been included with the summary of evidence that appears earlier in the report.

However, in *Olofson* v. *Kilgallon,* 1973 A.S. 85, the court upheld a similar action by the trial justice when it was clear from a reading of the entire report that he intended his findings to be treated both as a summary of evidence and as findings of fact. Since the trial justice prefaced his findings with the words "There was evidence that . . . . . . . ." and since the evidence thereafter recited by the justice supports his findings, we are required under *Olofson* to sustain his action, notwithstanding our preference for the better practice of stricter compliance with Rule 28.

The trial justice's findings of fact, where warranted by the evidence reported, cannot be reversed by the Appellate Division. *McKenna* v. *Andreassi,* 292 Mass. 213, 215. *Duggan* v. *Matthew Cummings Co.,* 227 Mass. 445, 449. *Merrill* v. *Kirkland Construction,* 310 N.E.2nd 106.

**There being no prejudicial error, the report is to be dismissed. So ordered.**

David B. Woods

for Defendant