JULIA LYNCH, Respondent, *v.* PATRICK McNALLY, Appellant.

One keeping a vicious dog with knowledge of its propensities is liable for injuries caused by it. Negligence in the ordinary sense of the word is not an element of the cause of action, nor is contributory negligence a defense.

To constitute a defense, it must be established that the person injured did some act from which it may be affirmed that he brought the injury upon himself.

Ordinary familiarities with a dog running loose, offered by one having no knowledge of its vicious propensities, do not constitute negligence in any sense, and will not relieve the owner from liability.

(Argued April 5, 1878; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff from the bite of a vicious dog kept by defendant.

Plaintiff's evidence tended to show that plaintiff when passing defendant's store, in the city of New York, offered the dog, which was lying in front of the store unfastened, a piece of candy when the dog sprang at her and bit her. The dog was cross and vicious; it had to defendant's knowledge previously bitten other persons, and he had been warned by the policemen to take care of it.

The court charged among other things, "that the rule as to contributory negligence does not apply to accidents of this description, because the act of keeping a vicious animal is wrong absolutely, and the question of contributory negligence only goes to the question of damages," to which defendant's counsel duly excepted.

*Malcolm Campbell*, for appellant. If plaintiff was herself the exciting cause of the injury complained of, or by her own negligence contributed to it, she cannot recover in this action. (*Buckley* v. *Leonard*, 4 Den., 500; *Wiley* v. *Slater*, 22 Barb., 506; *May* v. *Burdett*, 9 Ad. & El. [N. S.], 101; *Brock* v. *Copeland*, 1 Esp., 203; *Sarch* v. *Blackburn*, 4 C. & P., 297; *Curtis* v. *Mills*, 5 id., 489; *Munn* v. *Reed*, 4 Al., 431; *Cogswell* v. *Baldwin*, 15 Vt., 404; *Sawyer* v. *Jackson*, 5 N. Y. Leg. Obs., 380; *Logue* v.

*Link*, 4 E. D. S., 63; *Fox* v. *Town of Glastenbery*, 29 Conn., 204; *Koney* v. *Ward*, 2 Daley, 295; *Earhart* v. *Youngblood*, 27 Penn., 331; *Keightlinger* v. *Egan*, 65 Ill., 235.)

*F. J. Dupignac*, for respondent.   This was not an action for negligence, but for wrongful keeping a vicious dog with knowledge of its character; *scienter* was the gist of the action. (*May* v. *Burdett*, 58 Eng. C. L., 99; *Card* v. *Case*, 5 M. G. & S., 622; *Kelly* v. *Tilton*, 3 Keyes, 263; *Loomis* v. *Terry*, 17 Wend., 497; *Smith* v. *Pelah*, 2 Stra., 1264; *Charlwood* v. *Greig*, 3 C. & R., 48; *Worth* v. *Gilling*, 58 Eng. C. L., 99; *Jenkins* v. *Turner*, 1 Ld. Raym., 109; *Putnam* v. *Payne*, 13 J. R., 312; *Hinckley* v. *Emerson*, 4 Cow., 351; *Bowers* v. *Fitzrandolph*, Add., 315; *Jones* v. *Perry*, 2 Esp., 482.)

CHURCH, Ch. J.   The case of *Muller* v. *McKesson*,[*] recently decided in this court, contains a review of the authorities and lays down the principles which should govern actions of this character, and it is unnecessary to elaborate them here.   The views expressed in the opinion in that case are substantially the same as those expressed by DALY, Ch. J., in the court below in this case.

It may be regarded as established.   First. That such an action is based upon the keeping of a vicious dog with knowledge of his propensities, and if injury ensues, the owner is liable, and that if negligence is an element of a cause of action at all, it is not so in the ordinary sense of that term, but consists in the act of keeping the dog with knowledge of his disposition.

Second. That contributory negligence, as that term is understood in law, is not a defense.

Third. That to constitute a defense to such an action, it must be established that the person injured did some act from which it may be affirmed that he brought the injury upon himself.   If a person should thrust his arm into a bear's mouth and get bit, it could not be said that the

---

[*] Note, *ante*, p. 195.

injury was caused by keeping the bear; and so, if a person, knowing the vicious propensities of a dog, should wantonly or willfully do an act to induce the dog to bite, or should unnecessarily and voluntarily put himself in the way of the dog, knowing the probable consequences, the same principle would apply.

In this case the only exception was to that part of the charge which stated that contributory negligence was not a defense. There was no error in this charge, and the evidence fell far short of coming up to the standard which constitutes a defense. The dog was loose, and there is no evidence that the plaintiff had knowledge of his vicious propensities. All she did was to offer the dog a piece of candy, when he sprang at her and bit her. Ordinary familiarities with a dog running loose can scarcely be called negligence in any degree. They are not acts from which any bad consequences would naturally follow, certainly not from a peaceful dog, which, it may be presumed, every dog at large is.

The charge that contributory negligence might be considered on the question of damages was quite as favorable to the defendant as he was entitled to, and he cannot, therefore object to it.

There was evidence tending to establish both the necessary elements to constitute the cause of action, viz., the vicious character of the dog and the knowledge of the defendant, and the finding of the jury upon these points is conclusive upon this court.

The judgment must be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.