## OLIVE BOTTCHER *vs.* FREDERICK P. BUCK & another.

Worcester. September 25, 1928. — October 9, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* In care of wild animal, Contributory, Of person in charge of child, Of person owning or controlling real estate. *Animal.*

At the trial of an action by a girl four years of age for personal injuries suffered from being bitten by a bear alleged to have been kept and negligently cared for by the defendants, husband and wife, it was admitted that the defendant husband was the owner and keeper of the bear. There was evidence that the defendant wife owned the real estate upon which the bear in question and other bears were kept and a business of selling candy, confectionery, gasoline and oil was conducted; that she cared for and fed the bears and by posted signs sought to get customers to buy candy to feed to them; that she had said, "We make most of our money on confectionery, because we sell it for the bears"; that about two weeks before the accident she told the plaintiff's grandfather that it was safe to feed the bears tied outside the enclosure but that they should look out for those that were in the cages; that the plaintiff and her grandfather had been to the defendants' place on previous occasions, and had fed the bears with candy bought at the same stand and had seen others do so; that the bear that bit the plaintiff was fastened by a chain which permitted him to come to a slack rope in front of him; that the plaintiff, steadied by her grandfather who had her in charge, had been feeding the bear, standing on or near the rope; and that, after the bear had taken the last piece of candy, it caught the child's shoe with its paw, pulled her inside the rope, and caused the injuries for which she sought damages. The judge ruled without objection that the plaintiff was incapable of exercising care for herself. There was a verdict against each defendant. *Held,* that

(1) The question, whether the defendant wife was a keeper of the bear, was for the jury;

(2) The defendants, by inviting the public upon the premises to

trade, impliedly warranted that the premises were reasonably safe for the purposes for which they were arranged and adapted;

(3) The liability of the defendants did not depend on proving knowledge of previous acts showing a vicious disposition of the bear; their negligence was in keeping an animal belonging to a class which, from the experience of mankind, is dangerous;

(4) The question, whether the plaintiff's grandfather was guilty of contributory negligence, was for the jury;

(5) The verdicts for the plaintiff were warranted.

TORT, against Frederick P. Buck and Eugenia Buck for negligence in keeping a bear. Writ dated August 25, 1926.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is stated in the opinion. The record states: "At the conclusion of the plaintiff's evidence, the defendant Eugenia Buck rested and moved in writing that a verdict be directed in her favor on the grounds of the contributory negligence of the plaintiff and that there was not sufficient evidence as a matter of law to hold her as owner and keeper of the bears. Which motion the court denied and the defendant excepted. At the conclusion of all the evidence, each of the defendants moved in writing that a verdict be directed in their favor, severally, on the ground of contributory negligence. Which motions the court denied and the defendant severally excepted. The court ruled that the plaintiff was too young to exercise any degree of care and ruled that the plaintiff could only recover by showing due care of the custodian."

The jury, in answer to a special question, found that the defendant Eugenia Buck was a keeper of the bear. There was a separate verdict for the plaintiff against each defendant in the sum of $1,000. The defendants alleged exceptions.

*H. J. Nugent*, for the defendants.

*A. T. Wall*, for the plaintiff, submitted a brief.

SANDERSON, J. This is an action of tort brought against the defendants, husband and wife, for negligence in keeping a bear which bit and injured the plaintiff, a child of four years, while she was on the defendants' premises in care of her grandfather. The defendants contend that the verdict should have been directed in their favor because of the plain-

tiff's contributory negligence; and the defendant Eugenia Buck contends that there was not sufficient evidence to hold her as owner and keeper of the bear and that a verdict should have been directed in her favor on that ground. No other questions have been raised or argued.

The evidence tended to prove that Mrs. Buck cared for this and other bears on the premises; that she fed them and sometimes permitted them to take candy from her mouth; that about two weeks before the accident she told the plaintiff's grandfather that it was safe to feed the bears tied outside the enclosure but that they should look out for those that were in the cages; that she had charge of the candy and confectionery stand on the premises with signs bearing the words "Candy for the bears"; "Tonic for the bears"; that the candy with which the bear was fed on the day in question was sold by her; that on a previous occasion she had gone with the plaintiff and other members of her family and helped feed the bears. She was asked by a witness called by the plaintiff how business was, and replied "Gas and oil is not very good. We make most of our money on confectionery, because we sell it for the bears." She was the owner of the real estate upon which the bears were kept and the business was carried on. Upon the evidence the question whether she was a keeper of the bear was one of fact for the jury. *McLaughlin* v. *Kemp,* 152 Mass. 7. *Anderson* v. *Middlebrook,* 202 Mass. 506. *McIntire* v. *Leland,* 229 Mass. 348, 351. Counsel for the defendants admitted that Frederick P. Buck was owner and keeper of the bear in question. The testimony justified the inference that the defendants invited the public to come upon the premises and buy gasoline, candy and tonic, and to buy articles sold at the counter to feed the bears.

The defendants, by inviting the public upon the premises to trade, impliedly warranted that they were reasonably safe for the purposes for which they were arranged and adapted. *Cruickshank* v. *Brockton Agricultural Society,* 260 Mass. 283. The owners or keepers of dangerous animals take the risk of so keeping them that they will not injure people invited upon the premises who are in the exercise of due care. The

liability of the defendants for injuries by a bear kept by them does not depend on proving knowledge of previous acts showing a vicious disposition. Their negligence is in keeping an animal belonging to a class which, from the experience of mankind, is dangerous. *Marble* v. *Ross*, 124 Mass. 44, 47. *Filburn* v. *People's Palace & Aquarium Co. Ltd.* 25 Q. B. D. 258, 261. One who actually participates in the negligent use of property with full knowledge of the danger to third persons is himself negligent and cannot avoid liability by showing that he was assisting the owner as servant or agent. *Corliss* v. *Keown*, 207 Mass. 149.

The judge ruled without objection that the child who was injured was incapable of exercising care for herself, and left the question of the due care of her custodian to the jury. The evidence would justify the finding that a rope running in front of the bear in question was attached to posts fifty feet apart and so sagged in front of the bear that it was on the ground. The bear was chained but he could reach to the rope. The child was outside of or on the rope when feeding the bear with pieces of candy about the size of a half dollar, and she was steadied by her grandfather so that she could bend forward to let the bear take the candy from her hand. After the bear had taken the last piece of candy it caught the child's shoe with its paw, pulled her inside the rope and caused the injuries for which she is seeking damages. Three bears were outside the cages and others were confined. On one or more of the cages were the signs "Be cautious." The plaintiff and her grandfather had been to the defendants' place on previous occasions, and fed the bears with candy bought at the same stand and had seen others do the same. The question whether the custodian of the child was guilty of contributory negligence as matter of law is close, but we are of opinion that the evidence presented a question of fact on this issue. The invitation to buy candy for the bears was in the nature of an assurance that it was safe to feed them. The plaintiff had done it before with the knowledge of one or both defendants. On the testimony most favorable to the plaintiff the injury occurred after the candy was gone, when the bear reached to the child's shoe with its claw and pulled

her over. The jury could have found that the public were not properly protected from this kind of an injury, and that the child's custodian was not guilty of contributory negligence in permitting her to be where she was when injured.

*Exceptions overruled.*