RUTH STEVENS, Appellant, *v.* ROY HULSE, Respondent.

(Submitted January 18, 1934; decided February 27, 1934.)

*S. W. Eager* for appellant. The question of the liability of defendant was for the jury. (*Muller* v.

*Mc Kesson,* 73 N. Y. 195; *Gooding* v. *Chute,* 155 Cal. 620; *Marble* v. *Ross,* 124 Mass. 44; *Molloy* v. *Starin,* 191 N. Y. 21; *Barrett* v. *State,* 220 N. Y. 423; *Spring Co.* v. *Edgar,* 99 U. S. 645; *Quilty* v. *Battie,* 135 N. Y. 201; *Keenan* v. *Gutta Percha Manfg. Co.,* 46 Hun, 544; *Bundschuh* v. *Mayer,* 81 Hun, 111; *Kessler* v. *Lockwood,* 62 Hun, 619; *Manger Bros.* v. *Shipman,* 30 Neb. 352; *Shaw* v. *McCreary,* 19 Ont. Rep. 39; *Bottcher* v. *Buck,* 163 N. E. Rep. 182.) The contributory negligence of the plaintiff was for the jury. (*Muller* v. *Mc Kesson,* 73 N. Y. 195; *Bottcher* v. *Buck,* 163 N. E. Rep. 182.)

*Fred L. Gross* for respondent. The plaintiff having voluntarily exposed herself to danger, was not entitled to a recovery and the reversal by the Appellate Division was proper. (*Molloy* v. *Starin,* 191 N. Y. 21; *Ervin* v. *Woodruff,* 119 App. Div. 603.) The uncontradicted proof is that the defendant did not harbor the bear. (*Marsh* v. *Hand,* 120 N. Y. 315; *Harrison* v. *McClellan,* 137 App. Div. 508; *Laguttuta* v. *Chisolm,* 65 App. Div. 326.)

POUND, Ch. J. The plaintiff was injured by a bear which she was feeding while it was chained to a stake on defendant's farm situate at Rio, Orange county. She brings this action to recover the damages caused by such injuries. A verdict of $900 was rendered by the jury in her favor. By a divided vote the Appellate Division, without opinion, reversed the judgment entered thereon on the law and facts and dismissed the complaint.

The plaintiff's injuries were sustained on July 30, 1932. The day before, she and her son and daughter-in-law met the defendant who told them he had a bear and asked them to come to his place to see it. The following day they came there. The defendant was about to take his lunch, and as they sat on the porch of his house he told them to look around. Plaintiff's son asked him whether they could feed maple sugar to the bear and he said yes.

Thereupon they went to the place where the bear was chained. The chain was about twenty feet long and at the time it was taut. After her son had fed the bear, the plaintiff, standing about two feet away from the animal and bending over, was feeding it when it grabbed her knees with its paws, drew her towards it and clawed her legs. The evidence tends to establish that the defendant knew that the bear had shown vicious tendencies when it was in the possession of a former owner, but he did not warn the plaintiff.

On the part of the defendant it was shown that a short time prior to the occurrences above set forth he had leased a part of his farm to a man named Knight. Knight purchased the bear and installed it on the property he had leased. He put up a sign which read, "Beware of the Bear."

It is not necessary to consider what effect the leasing of the property by Knight and his ownership of the bear might otherwise have had under the circumstances here disclosed. The implied admission of ownership or control of the farm and of the bear by the defendant; his invitation to the plaintiff to come and see the creature; his assurance that it was safe to feed it; his failure to warn as to its known vicious tendencies were sufficient to present a question of fact for the jury.

So far as plaintiff knew, the defendant was the owner or was in control of the bear. His apparent ownership or control was tantamount to real ownership. (*Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244; *Maloney Tank Mfg. Co.* v. *Midcontinent Pet. Corp.*, 49 Fed. Rep. [2d] 146, 149, *Rhone* v. *Try Me Cab Co.*, 65 Fed. Rep. [2d] 834.) Plaintiff had a right to rely on the fact that defendant seemed to be in charge of the premises owned by him and of the bear.

One who keeps wild animals on his premises must see to it at his peril that they do no damage to others. (*Barrett* v. *State*, 220 N. Y. 423; *Molloy* v. *Starin*, 191 N. Y.

21; *Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNally*, 73 N. Y. 347.)

The case of *Ervin* v. *Woodruff* (119 App. Div. 603) is not in point. There the doctrine of *volentia non fit injuria*, under the guise of contributory negligence, was applied. It cannot be said, as matter of law, that plaintiff, with knowledge of the vicious propensities of the bear, put herself in harm's way and brought the calamity on herself. The question is one for the jury, as is also the question of the sufficiency of the notice which Knight had put up.

As the reversal was on the law and the facts, we are unable to reinstate the verdict.

The judgments should be reversed and a new trial granted, with costs to the appellant in this court and in the Appellate Division to abide the event.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgments reversed, etc.