EDWIN L. HYDE, as Guardian ad Litem of WILLIAM MINCHIN, an Infant, under Fourteen Years of Age, Appellant, v. THE CITY OF UTICA, Respondent.

Fourth Department, May 8, 1940.

*Arthur N. Gleason,* for the appellant.

*Bartle Gorman, Corporation Counsel* [*Daniel B. Myers, Assistant Corporation Counsel,* with him on the brief], for the respondent.

DOWLING, J.   On April 13, 1938, the infant plaintiff, then seven years of age, in company with two boys, visited the zoo kept and maintained by the defendant in one of its city parks.   The boys visited a cage containing a bear and then they visited another cage containing a bear.   There was no fence, guard, railing or other contrivance around the cage which housed that bear and there was no sign or warning erected notifying visitors that the bear was vicious or that it was dangerous to approach the cage or forbidding visitors to feed the bear.   When the plaintiff and his companions reached the cage of the second bear two or three people, not connected with the " zoo," were feeding him with hay or grass which they shoved through a hole or opening in the cage.   No keeper or guard was present to warn the plaintiff to keep away from the cage.   The plaintiff gathered some grass in his left hand, waved it to attract the bear, and then shoved the grass from five to seven inches into the cage through the hole or opening to the right of the cage door. The bear approached and began to nibble at the grass and without warning he suddenly thrust his nose through the hole or opening from two to three inches and bit off the end of the index finger of the plaintiff's left hand.   Both plaintiff's hand and index finger were outside of the cage when the attack occurred.   There was some grass on the plaintiff's hand but the index finger was visible. Plaintiff's hand was about three inches from the cage at the time. The above are the facts most favorable to the plaintiff.   We think, on those facts, the case was for the jury and a nonsuit should not have been granted.

The plaintiff alleges in his complaint: " That the defendant carelessly and negligently kept the bear in a place where there was no barricade or other guarding device around the cage in which the bear was kept and there were holes in the netting through which the bear reached out and bit the plaintiff, and that no person was stationed to guard the place where the bear was kept or to give warning and that no warning or protection of any kind was furnished to the public and particularly to the plaintiff herein.   That said condition had existed for such a long period of time that the same was known or should have been known and remedied by the City of Utica, its agents, servants and employees."

The complaint contains no allegation that the harboring of the bear constituted a nuisance.   The fact that there was no guard rail, no warning sign, no attendant present and that others were feeding the bear when the plaintiff arrived at the cage was an implied invitation to the plaintiff to believe the bear was harmless and that it was proper and safe for him to feed the bear.   We think the defendant could have been found to be negligent in failing to prop-

erly guard the cage and in failing to warn the plaintiff of the vicious propensities of the bear and of the danger involved in feeding him. (*Collentine* v. *City of New York*, 279 N. Y. 119, 124.) The rule in this State is " One who keeps wild animals on his premises must see to it at his peril that they do no damage to others. (*Barrett* v. *State*, 220 N. Y. 423; *Molloy* v. *Starin*, 191 N. Y. 21; *Muller* v. *McKesson*, 73 N. Y. 195; *Lynch* v. *McNally*, 73 N. Y. 347.) " (*Stevens* v. *Hulse*, 263 N. Y. 421, 423.) The rule is different where wild animals are kept for the education and entertainment of the public by an institution which holds a charter from the Legislature for that purpose. In such case recovery cannot be had unless negligence is established. (*Guzzi* v. *New York Zoological Society*, 192 App. Div. 263; 233 N. Y. 511.) The defendant had no such permission from the Legislature, consequently the rule laid down in *Stevens* v. *Hulse* (*supra*) applies to it. The maintenance by the defendant of the alleged " zoo," like the maintenance of a city playground, was purely a private undertaking. (*Collentine* v. *City of New York, supra; Van Dyke* v. *City of Utica,* 203 App. Div. 26.) It was not contributory negligence as matter of law for the infant plaintiff to feed the bear. Even in the *Guzzi* case the infant was not held guilty of contributory negligence as matter of law. The plaintiff was defeated in that case because there was neither allegation in the complaint of negligence nor proof of negligence. The cage in that case was surrounded by an iron fence through which the plaintiff crawled, thus placing herself in harm's way and she was injured. In *Molloy* v. *Starin* (191 N. Y. 21) the action was against a common carrier. The four cages containing bears were placed upon the wharf facing each other in the form of a hollow square. The wooden sliding doors of the cages were raised so as to feed the bears. The plaintiff, an infant nine years old, without leave or necessity, went into the hollow square and bent down to look under the door of a cage. In doing so his foot extended backward to one of the cages and the bear in that cage seized him by the foot and injured him. The court reversed a judgment for the plaintiff and ordered a new trial. Judge BARTLETT, in a concurring opinion, expressed the view (p. 30) that the question of the plaintiff's " contributory negligence was proper for the consideration of the jury and should not be determined here as a question of law." " Contributory negligence, as that term is understood in law, is not a defense." (*Lynch* v. *McNally*, 73 N. Y. 347, 349.) The case of *Ervin* v. *Woodruff* (119 App. Div. 603) is not in point. In that case the bear was on a chain in a yard. The plaintiff knew he was vicious and with this knowledge he voluntarily approached the bear within the radius of the chain and was injured. Here there

is no evidence that the plaintiff knew the bear might injure him. Moreover, there was an employee of the city in attendance at the " zoo," yet he took no precaution to warn or protect the plaintiff. In *Stevens* v. *Hulse* (*supra*) Chief Judge POUND said (at p. 424): It cannot be said, as matter of law, that plaintiff, with knowledge of the vicious propensities of the bear, put herself in harm's way and brought the calamity on herself. The question is one for the jury, as is also the question of the sufficiency of the notice which Knight had put up."

The plaintiff is not seeking to hold the defendant to the strict rule of liability laid down in the *Stevens* v. *Hulse* (*supra*) case. Plaintiff is content to proceed in negligence according to the rule laid down in the *Guzzi* case (*supra*). If the defendant desires to keep wild animals in a so-called " zoo " it should at least use reasonable care to protect children who are invited to see the animals housed therein.

In *Lynch* v. *McNally* (*supra*) the dog was loose. The plaintiff offered the dog a piece of candy and the dog sprang at her and bit her. The plaintiff did not know the dog was vicious. She had a recovery.

A jury might say that the bear was vicious due to the fact that he suddenly stopped nibbling at the grass inside the cage, thrust his nose through the hole or opening in the cage and bit off the end of the plaintiff's finger.

The judgment should be reversed on the law and a new trial should be granted, with costs to the appellant to abide the event.

All concur, except CROSBY, P. J., and TAYLOR, J., who dissent and vote for affirmance on the authority of *Guzzi* v. *New York Zoological Society* (192 App. Div. 263; affd., 233 N. Y. 511). Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.