**Jason COWDEN, by and through his Guardian Ad Litem Judy Cowden**

v.

**BEAR COUNTRY, INC., a South Dakota Corporation.**

Civ. No. 74–5002.

United States District Court, D. South Dakota.

Oct. 25, 1974.

Morton R. Wilkins, Jr., Gunderson, Farrar, Aldrich, Warder, DeMersseman & Wilkins, Rapid City, S. D., for plaintiff.

Gene Bushnell, Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, District Judge.

The above matter has come before this Court pursuant to plaintiff's motion for summary judgment and defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. A hearing was held by this Court on both motions on September 3, 1974.

The facts of this case are with certain important exceptions not in dispute. The plaintiff, Jason Cowden, was born August 14, 1971, and is now three years old. The plaintiff and his mother, Judy Cowden, are citizens of the state of Minnesota. On July 10, 1973, the plaintiff and his mother were on vacation with Judy's parents, Peter and Hazel Underdahl. They were traveling in the Underdahls' Dodge camper.

At approximately 1:00 p. m. the group noticed roadside signs advertising Bear Country and decided to stop. Bear Country is a drive-through animal park which contains black bears, timber wolves, cougars, and groups of bison, elk, deer, mountain lion, fox, coyote and bobcat. Bear Country is owned and operated by the defendant Bear Country, Inc., and the public is invited, for a charge, to drive through the park and view the various animals. The animals are not caged or isolated from park visitors but rather are allowed to roam freely over large sections of the park. While driving through the park the visitor passes among the animals without the protection of a barrier or a cage between himself and the animals. The principal protection for the visitor is his own vehicle.

The plaintiff, his mother, and Mr. and Mrs. Underdahl, purchased admission tickets and were provided with a written copy of the park rules. Judy Cowden and Hazel Underdahl read the park rules including rule number four which states that, "All windows and doors must be closed tightly at all times during your visit." The Underdahl vehicle began its trip through Bear Country and at some

point it stopped. Mrs. Cowden opened a window on the driver's side of the camper and took several pictures of the animals. One of the animals, a mountain lion, entered the Underdahl camper through the opened window and attacked the plaintiff.

■ The plaintiff in his motion for summary judgment urges that absolute liability is applicable in this case. The defendant in its motion to dismiss urges that absolute liability does not apply and that even if it does, the act of Mrs. Cowden in opening the window was the sole efficient cause of the incident and injuries complained of. Because matters outside the pleadings were considered along with defendant's motion to dismiss, the defendant's motion is treated as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6), and 56. Since there is no federal common law on the issues presented, the law of the forum must be applied. Erie Railroad Co. v. Tompkins, 58 S.Ct. 817, 304 U.S. 64, 82 L.Ed. 1188 (1938).

This Court has not discovered a South Dakota Supreme Court decision nor has it been cited to one, that involves all the factual elements presented in the instant case. The facts of this case present the following elements: (1) an animal *farae naturae* or unpredictable, wild, and inherently dangerous, (2) a private business for profit which invites the public at a charge to enter upon its premises and view wild animals kept there, (3) the absence of a physical barrier or cage to restrain the wild animals from contact with invitees or otherwise to protect invitees from wild animals, (4) injury by a wild animal to a *non sui juris* minor child.

In Anderson v. Anderson, 41 S.D. 32, 168 N.W. 852 (1918), the South Dakota Supreme Court was presented a claim for wrongful death. The defendant farmer owned a bull that was known to have a dangerous nature. The defendant's employee who had worked around the bull for some time and had observed the bull's mean disposition was killed by the bull. The Court stated:

. . . a person keeping a bull or other animal known to be of vicious tendencies is liable for such injuries as may be caused by such animal, regardless of the degree of care exercised by such owner in restraining and controlling such animal or the precautions taken by the owner of such animal to prevent its doing injury. . . . But this rule is subject to the following qualifications: If the injured party is guilty of negligence that contributed directly to the injury, such negligence would be a defense to the action. 168 N.W. at 852.

The South Dakota Supreme Court in *Anderson*, supra, appears to have applied an absolute standard of liability to the conduct of the plaintiff with the qualification that contributory negligence of the defendant if proven to have directly contributed to the injury would be a defense to the action. The *Anderson* case does not contain any of the factual elements presented by the instant case.

In Heidemann v. Wheaton, 72 S.D. 375, 34 N.W.2d 492 (1948), the South Dakota Supreme Court was presented with a claim for personal injury. The defendants owned two black bear cubs which they kept confined in a cage constructed of materials sufficient to restrain them. The defendants did not display them publicly or attempt to advertise or otherwise invite the public unto their land to view the bears. The plaintiff went to see the bear cubs solely at the suggestion of friends, and the Court found that the plaintiff stood too close to the cage and was injured when a cub reached through the cage and clawed her. The Court held that the proximate cause of the plaintiff's injury was her own failure to exercise ordinary care in avoiding obvious danger, and therefore the defendants could not be held liable. The Supreme Court in *Heidemann* cited Restatement of the Law, Torts, Second § 484 and § 515, and stated support for and cited as

authority Panorama Resort v. Nichols, 165 Va. 289, 182 S.E. 235 (1935). The Virginia Court in *Panorama* stated:

> The trial court submitted the case to the jury on the theory that it was not necessary for the plaintiff to prove that the defendants were guilty of any negligence in the manner or in the place of keeping the bears; that, being the keepers of such wild animals, the defendants were the absolute insurers of the safety of the plaintiff, as their invitee, from attack; and that the contributory negligence or misconduct of the plaintiff, even if proven, would not prevent his recovery. Id. at 236.

> . . . all that should be required of the keeper of such animals is, that he should take that *superior caution* to prevent their doing mischief which their propensities in that direction justly demand of him. *Id.* at 237. (Emphasis added.)

> We . . . decline to follow and apply the harsh doctrine of absolute liability to the keeper of wild animals. The liability, we think, should rest on negligence. But such keeper should exercise a *very high degree of care in the manner and place of keeping* such animals. We hold also that the principles of contributory negligence should apply . . . . *Id.* at 238. (Emphasis added.)

The South Dakota Supreme Court in *Heidemann*, by expressly approving of and citing for authority *Panorama*, and Restatement of the Law, Torts, Second, § 484 and § 515, appears to have replaced the absolute liability standard of *Anderson* with a standard of "superior caution" and "a very high degree of care in the manner and place of keeping of such animals" qualified by the defense of contributory negligence.

The factual situation presented by *Panorama* includes two of the four factual elements presented in the instant case. In *Panorama* the defendants owned and operated a business for profit and they advertised and invited the public

to enter for a fee. The defendant owned and kept on its premises three bears. Unlike the present case however, the bears were confined from the invitees by a cage of triple wire mesh and the plaintiff was an adult.

In Nicholas v. Tri-State Fair & Sales Association, 82 S.D. 450, 148 N.W.2d 183 (1967), the South Dakota Supreme Court again was presented with a factual situation containing elements similar to the instant case. The defendants operated a rodeo for profit and advertised and invited the public to enter for a fee. The plaintiff, who was an adult, paid his admission fee and as a spectator was a business invitee. When the rodeo was over the defendant permitted the plaintiff and other spectators to depart from the rodeo grounds by crossing the arena. Part way across the arena the plaintiff was struck by a wild horse that defendants had permitted to run loose in the arena. The Court stated:

> . . . plaintiff was an invitee upon the premises of the defendant and it thus became defendant's duty to maintain the property in a reasonably safe condition and to exercise reasonable care to protect him from injury . . . but the defendant did not become an insurer of his safety. 148 N.W.2d at 185.

The Court cited Restatement of the Law of Torts, 2d Edition, Section 344 and quoted:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>
> (a) discover that such acts are being done or are likely to be done, or
>
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect against it. *Id.* at 185

The Court in *Nicholas* further stated:

Foreseeability is a determinate of the duty element in the law of negligence. 148 N.W.2d at 186.

In further emphasizing foreseeability as a factor of the duty owed the Supreme Court quoted Judge Cardozo:

The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or others within the range of apprehension. 148 N.W.2d at 186.

The Court held:

It was within the range of defendant's apprehension that a risk of injury to plaintiff existed and could have been avoided by the exercise of reasonable care. At least a jury would be warranted to so find. 148 N.W.2d at 186.

Unlike the present case, *Nicholas* involved an adult and not a minor child, and involved a horse and not an inherently dangerous *ferae naturae* animal.

 From this careful study of South Dakota law it is clear that absolute liability is not the applicable rule. Although the instant case presents a factual situation unlike any situation yet presented to the South Dakota Supreme Court, and in that sense is a case of first impression, we believe that if the facts of the instant case were presented to the South Dakota Supreme Court they would hold that the doctrine of absolute liability does not apply. We believe that the Supreme Court would hold that a private business for profit that keeps wild animals that are by their nature vicious, unpredictable and dangerous, and invites the public for a fee to enter their premises where these animals are contained, owes their patrons a very high degree of care in the manner and place of keeping such animals. The keeping of wild animals for exhibition has come to be recognized as proper and useful and is therefore not *prima facie* negligent. Although the owning and exhibiting of wild animals of a fierce, dangerous, and unpredictable nature is not in and of itself unlawful, the owner is under a duty to exercise the highest degree of care to protect patrons from them. The gist of an action by a patron for injury sustained on the exhibitor's premises is failure to perform the high duty owed to patrons. The owner and exhibitor of wild animals is held to that duty and standard of care commensurate with the high degree of risk of injury to patrons presented by such animals. The owner and exhibitor is held to know of the natural propensity of such animals to attack swiftly without warning and produce serious injury and risk to human life. It is for the jury to decide whether the owner of such animals demonstrated superior caution and a very high standard of care in the manner in which the wild animals were confined and restrained from doing injury to the patrons. This duty of an exhibitor is not fulfilled simply by using such care as ordinary prudent showmen or exhibitors use, but he must use such care as is sufficient in the judgment of a jury to protect patrons against such highly dangerous animals. Parker v. Cushman, 195 F. 715 (8th Cir. 1912).

 The patron of a wild animal exhibition, as a business invitee, is entitled to assume that the operator has performed his duty to exercise superior caution to confine and restrain the animals from doing injury to patrons. The patron is entitled to rely on the assumption that the operator has used superior caution to restrain the animals for his safety. Nicholas v. Tri-State Fair and Sales Association, 82 S.D. 450, 148 N.W.2d 183 (1967), Sleeper v. World of Mirth Show, Inc., 100 N.H. 158, 121 A.2d 799 (1969). The question of whether the precautions taken by the exhibitor to protect the patrons from the animals such as the number of guards and attendants employed and how they were used and where they were stationed, the presence or absence of physical barriers, and the warnings given, were adequate in relation to the high risk of injury presented, is for the jury to determine. It is also for the jury to determine whether it was foreseeable to the defendant, within his experience as exhibitor, that a patron would not remember rule number four, or appreci

ate the danger, or otherwise not adhere to it and thereby present a risk of injury reasonably perceivable to the defendant. If such a risk was reasonably perceivable then under the rule announced by the South Dakota Supreme Court in Nicholas v. Tri-State Fair and Sales Association, 82 S.D. 450, 148 N.W.2d 183 (1967), it is then for the jury to determine whether the defendant gave a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

 Ordinarily in the case of an injured adult patron the defenses of contributory negligence and assumption of the risk may be urged by the defendant exhibitor. The South Dakota Supreme Court in Heidemann v. Wheaton, 72 S.D. 375, 34 N.W.2d 492 (1948) cited Restatement of the Law, Torts, Vol. III, § 515 and stated the rule that a plaintiff is barred from recovery by intentionally and unreasonably subjecting himself to the risk that a wild animal will do harm to his person. In other words, the plaintiff's acts must be such as would establish that, with full knowledge of the danger, he voluntarily and intentionally brought the calamity on himself. In the instant case, however, the plaintiff is a minor child who is not *sui juris* and therefore cannot be guilty of negligence which could bar recovery for injuries. Garelli v. Sterling-Alaska Fur and Game Farms, Inc., 25 Misc.2d 1032, 206 N.Y.S.2d 130 (1960). It is also a settled principle that a minor child of three years of age cannot be held to have assumed the risk of injury. Similarly the negligence of plaintiff Jason Cowden's mother, if any, cannot be imputed to him. City and County of Denver v. Kennedy, 29 Colo.App. 15, 476 P. 2d 762 (1970), DeBerg v. Kriens, 82 S. D. 502, 149 N.W.2d 410 (1967), W. Prosser, Law of Torts, 504 (3rd Ed. 1964).

 If the jury finds that the defendant's conduct fell below the standard of care set out above, and that the defendant was therefore negligent, the jury must then determine the issue of causation before liability is or is not established. It is a question for the jury whether the defendant's negligence in failing to properly protect visitors was the proximate cause of plaintiff's injuries, or whether Mrs. Cowden's act of opening the camper window was an intervening act which superseded the defendant's negligence and therefore became the proximate cause of the injury. If Mrs. Cowden's act is found by the jury to be the proximate cause of the injury, then of course the defendant would not be liable. The applicable rule of law is set out in Restatement of the Law, Torts, Second § 447:

> The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if
>
> (a) the actor at the time of negligent conduct should have realized that a third person might so act, or
>
> (b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or
>
> (c) the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.

Under this principle Mrs. Cowden's intervening act of opening the window, even if negligent, would not supersede the defendant's negligence and become the proximate cause if the defendant should have realized the possibility that some visitor would open a window and thereby present a risk of injury that defendant should guard against.

The record in this case shows that genuine issues exist as to material facts and therefore the plaintiff's motion for summary judgment is hereby denied. The defendant's motion to dismiss that is treated as a motion for summary judgment is hereby denied for the same reason.